JEFFERSON.
April, 1817.

Rice & Reed
v.
Goodenow.

*JEFFERSON COUNTY—APRIL TERM, 1817.*

PRESENT—TAPPAN, *President;* ANDERSON, M'ELROY AND MOORES,
*Associates.*

## RICE & REED vs. GOODENOW.

In an action by the endorser vs. the maker of a promissory note, it is not necessary to set out in full the names of the endorsers.

An endorsement by an authorised agent, is the endorsement of the principal.

The drawer of a note to A. B. and Company, shall not be permitted to deny the existence of such Company.

An endorsement in a partnership name, after the partnership is dissolved, by one of the partners under a special authority from the others, is a valid endorsement.

ASSUMPSIT.

1st count—" Whereas, the said Milton, on &c., at &c., made his certain note in writing, commonly called a promissory note, his own proper hand being thereunto subscribed, bearing date the same day and year aforesaid, and then and there delivered the said note to a company of merchants, trading under the firm of Rice, Reed and Company, by which note the said Milton then and there promised to pay on demand, to the said Rice, Reed and Company, or order, the sum of 426 dollars and 93-100, with interest after six months, for value received. And the said Rice, Reed and Company, to whom, or to whose order, the payment of the said sum of money in the said note specified, was by the said note to be made, after the making said note and before the payment of said sum of money in said note specified, to-wit, on the same day and year aforesaid, at the place aforesaid, endorsed the said note, *their own proper hands being to such endorsement subscribed,* by which said endorsement they, the said Rice, Reed & Co. then and there ordered and appointed the said sum o f money in said note specified, to be paid to the said Rice and Reed, and then and there delivered the said note, so endorsed, to the said Rice and Reed, of which said endorsement the said Milton afterwards, on &c., at &c., had notice," &c.

2d count—On a note of 255 dollars and 87 cents, in the same form as the first.

3d count—On a note of 52 dollars 72 cents, in the same form as the first, except it stated the endorsement thus: "endorsed the said note, his own proper hand being to such endorsement subscribed."

Plea—Non-Assumpsit, with notice of set-off.

The note produced to support the first count, was as follows:

"Boston, June 10, 1807, value received, I promise to "pay Rice, Reed & Co. or order, four hundred and twenty-six dollars, "93-100, on demand, with interest after six months.

"MILTON GOODENOW.

"Attest—JOHN K. GOODMAN."
ENDORSED—"*Pay to Rice & Reed, or order.*
"RICE, REED & CO."

The notes produced to support the 2d and 3d counts, were in like form, "to Rice, Reed & Co. or order," and endorsed in the manner as the first.

The execution of the notes was proven by the depositions of Frederick W. Rice and John B. Frazier. The deposition of Fredk. W. Rice proved the endorsements to have been made by Henry G. Rice. It then proceeded as follows:

*Question by defendt's counsel.*—Do you know who were partners in the house of Rice, Reed & Co. in the years 1807-8-9-10-11-12?

*Answer.*—The original firm consisted of Cheney Reed, Tilley Rice, Henry G. Rice, and John T. Reed; they continued partners until the 6th day of March, 1811; then there was a dissolution of their partnership, and a new firm was composed by Henry G. Rice and John T. Reed, who have continued partners from that time, and are still partners, doing business under the name and firm of Rice & Reed. The original partnership of Rice, Reed & Company, commenced in 1805 or 1806.

*Question by the same.*—When were the notes negociated?

*Answer.*—I only know what Mr. Rice told me; he said he had a power of attorney to settle the concerns of the house, and endorsed these notes for that purpose after the dissolution of the firm, *by authority specially given to him, with power to sign the partnership name for said concern.*

A verdict was taken for the plaintiff by consent, subject to the opinion of the court upon the following points, viz:

1st. Whether it was not necessary to set forth in the declaration the names of the persons composing the firm of Rice, Reed & Co.?

2d. Whether an endorsement made by Rice, as agent of the company, can be given in evidence upon the declaration?

3d. Whether an endorsement of a firm as existing, can be legally made after the firm is dissolved?

If the opinion of the court shall be with the defendant, the verdict is to be entered accordingly; if with the plaintiff, the verdict to stand.

HAMMOND, for the defendant.—The note was given to Rice, Reed

JEFFERSON.
April, 1817.

Rice & Reed
v.
Goodenow,

& Co. and endorsed to the plaintiffs; the declaration ought to have set forth the names of the persons composing the firm. The note could only be endorsed by a member of the firm. No interest can pass without such endorsement, and proof of the endorsement must be made at the trial to entitle the endorsee to recover. Unless the names of the members of the firm are set forth, this proof cannot be made or rebutted. Endorsement by drawee, and proof thereof, necessary, see 1st D. & East 28, opinions of Ashurst, Butler & Grose, contra Kenyon, see also the case of the Manhattan Co. vs. Ledyard & Ledyard, the form of setting forth the names of the firm who made the note, in an action against the drawer, 1st Caines 192.

After the dissolution of the partnership of Rice, Reed and Co. Rice, as agent, endorsed the note in the following terms, "*Pay to Rice & Reed—Rice, Reed & Co.*" The firm of Rice, Reed & Co. consisted of Cheney Reed, Tilley Rice, Henry G. Rice, and John T. Reed. The declaration, in the first and second counts, charges that Rice, Reed & Co. " endorsed the said note, their own proper *hands* being to such endorsement subscribed." The third count charges the endorsement to be made by "*his own proper hand*," &c. The endorsement made by Rice does not support this declaration. Levy vs. Wilson, 5th Esp. Rep. 180, is directly in point. The proof is, that Rice endorsed by authority from the company after its dissolution. The opinion and reasons of lord Ellenborough, in Levy vs. Wilson, apply emphatically to this case. It might become a question whether authority was given to Rice, and had the fact of the endorsement been truly stated, it would have been incumbent upon the plaintiff to prove the authority to make it at the trial. The authority of Levy vs. Wilson, is recognized, 1st Caines 192 in note, 2d Camp. Rep. 451 in note, and Chitty on Bills, 345 in note.

In Jones et al. vs. May et al, 2d Camp. Rep. 305, lord Ellenborough doubted whether stating *hands* in the plural, did not require signing by both *drawers*, but he relies principally upon the fact that the *proper hand of one of the firm was subscribed to the bill*, and the case passed off. In the same book, 450, lord Ellenborough intimates that the name of the *drawer* of a bill, written by an authorised agent, would support a declaration charging his own proper hand being thereunto subscribed. This case, however, turns upon a promise by the drawer to pay after a knowledge of all the circumstances: and the case of Levy vs. Wilson is cited in a note, as distinguishing the case of an endorser from that of drawer. Same book 604, in an action against the acceptors of bill, it is

held that a charge of general acceptance is supported by evidence of an acceptance by special agent.

None of the cases touch the case of Levy vs. Wilson, nor the case at bar. No one member of the firm of Rice, Reed & Co. has set his *proper hand* to this endorsement, for the firm had no existence when the endorsement was made; on the contrary, it is endorsed in the proper hand of one of the endorsees, Henry G. Rice, who is also one of the plaintiffs in this cause; and the authority to make such endorsement rests upon the evidence, on the declaration alone of the same H. G. Rice.

There is good reason why a stricter rule should be held in actions where endorsers are not parties, than in cases against drawers and acceptors; where these are defendants, they can take care of their own concerns; but, in a suit between drawers and indorsees, the endorsers are not parties, and whatever affects their rights should be strictly looked into. 1st Caines 192, in a suit between indorsees and indorsers, the names of all the drawers and the title of the firm, are distinctly set out, with the allegation that the proper *name of the firm* was subscribed; here the title of the firm only, is set out, and it is described as an endorsement by the proper parties.——The endorsement, in this case, is in the name of Rice, Reed & Co. as a subsisting firm; the proof is, that no such firm existed when the endorsement was made, but that Henry G. Rice was constituted agent to settle the concern; the endorsement is subscribed Rice, Reed & Co. when in fact there was no such company. 3d Esp. Rep. 108, is decisive of this point. Lord Kenyon lays down the law to be, that "if a fair bill existed at the time of the partnership, but is not put in circulation until after the dissolution, all the partners must join in making it negociable." This point is, alone, decisive of the case. An agent, authorised to endorse, must be authorised by each partner individually; and, in making an endorsement, must subscribe the individual name of each partner.

WRIGHT, for the plaintiffs.—It is objected to the recovery, that the names of the persons composing the firm of Rice, Reed & Co. are not set forth in the Declaration.

These notes have been endorsed by R. R. & Co. to R. & R. It is admitted to be necessary to set forth *all the parties* to a suit, but I know of no rule making it necessary to describe, particularly, those who are not parties. A decision in one case cannot operate to bar a subsequent action, except it be shown to be in relation to the same subject matter and between the same parties. The defendant having himself given these notes payable to Rice, Reed & Co. or order, has

*JEFFERSON.*
*April, 1817.*

*Rice & Reed*
*v.*
*Goodenow.*

JEFFERSON.
April, 1817.
Rice & Reed.
v.
Goodenow.

thereby undertaken to pay to them, or to whomsoever they may order the payment to be made; he is estopped by his own writing, from denying the legal existence of the Company of R. R. & Co. One of a co-partnership, or an agent in the name of the firm, may draw or negociate bills or notes obligatory upon the Company. The name of the firm, subscribed by its authority, is all that is necessary to the valid making or endorsing the note or bill. In this case one of the payees of the note endorses in the same name that the defendant assumed to pay to, or to the order of. The cases put, to support this objection, show an endorsement of a bill by *another* person than the payees, as their authorized agent, which agency appears on the face of the transaction by the manner of subscribing. In Kane vs. Scofield, 2d Caine's Rep. 368, it was adjudged, on general demurrer, to be sufficient to describe the endorsement as made by certain persons using the name, style and firm of Willoughby & Weston. The case in 4th D. & E. 28, required proof of the endorser's being *really* the *drawee, because* the endorsement of the drawee was necessary to make the bill of exchange valid and available to the payee.

The second objection is, that the proof of an endorsement by one of the partners, in the name of the firm, does not support the allegation in the Declaration, "their own proper hands," &c. being subscribed. *Qui facit per alium facit per se.* The company of Rice, Reed & Co. empower Henry G. Rice to negociate these notes and *sign their name,* by special authority; they are so negociated, and when done so by the agent, the act becomes that of each individual of the firm. The endorsement could not be otherwise described. If it had been stated to have been done by an agent for and on behalf of the firm, the production of the note would negative the allegation, as the agency does not appear in it. The objection to the use of the singular number *his,* instead of the plural *their,* has no solidity. It is evidently a clerical mistake, and may be amended at any time. 1 Caine's Rep. 191—7th Term Rep. 310—5th Cranch Rep. 289—2 Camp. Rep. 305, 458, 604—1st Bos. & Pul. 540.

The last objection seeks to avoid the payment of this debt, because the notes were not endorsed until after the dissolution of the partnership, and the 3d and 5th of Espinasse, 108 and 180, are cited as conclusive on this point for the defendant. I have examined the authorities, and think the right of the plaintiffs to recover still remains unshaken. The case in the 3d of Espinasse raises this point, "if a fair bill existed at the time of the partnership, but is not put in circulation until after the dissolution, *all the partners must join in making it negociable.*" It is not understood that

promissory notes partake of the qualities of bills of exchange until after they are endorsed, or that, until so endorsed, they are governed by the rules of law applicable to bills.    The endorsement here, was by *all* the partners, inasmuch as it was done by their agent, and by one of the firm, " by authority specially given to him, with power to sign the partnership name for said concern," in settling the Company affairs: and it is believed no case can be found, establishing the position that each individual name of the partners must appear on the note.    The authorities below, with others that might be adduced, satisfactorily answer this objection.    Douglas, 682—1 Camp. 82-3—1 H. Blk. 569— 5th East, 225—2d John. 307—10th Mass. Rep. 54—1st Taun. 104. But it is said here, that the power of the agent is not sufficiently proven.    The evidence exists in the acknowledgements of one of the plaintiffs, drawn from the witness by the defendant, on the cross examination ; and it is a well settled rule, that where the declarations of a party are called for by his adversary, such party *quo ad hoc* is made a witness in the suit, and his *whole* declaration must be taken together. It is not competent of a party who has thus obtained evidence to garble it to suit his own purpose, rejecting unfavorable and retaining favorable parts of the same declaration.    Rice says he had special authority to endorse the partnership name, and endorsed in pursuance thereof: what more is necessary ?

No injury can result to the defendant from a recovery in this action. The judgment would be a complete bar to any subsequent recovery. The defendant's liability is not extended—he would be compelled to pay a just and honest debt, evidenced by his own signatures, (which are clearly proven although he has not had the candor to acknowledge them) to persons with whom he has contracted to pay.    If it were granted that the endorsements are invalid, the receipt of the money by Rice & Reed, two of the payees of the notes, is conclusive upon every individual composing the firm of Rice, Reed.& Co.    A payment to one or more joint owners of a debt, is a payment to the whole.    Whether Rice & Reed are entitled to the entire avails of the judgment, or are bound to yield a contributory part to the other individuals composing the firm of Rice, Reed & Co. is a question between themselves. This is an action of Assumpsit, in which the law says plaintiffs recover, if in equity and good conscience they make out a right.    The defendant's notes here, are of long standing, and the debt indisputably just ; but he seeks to avoid payment by a mere legal quibble, without merit or excuse.    It seems a poor requital to the plaintiffs for their long extended indulgence to the defendant.

JEFFERSON.
April 1817.

Rice & Reed
*v.*
Goodenow.

PRESIDENT.—This suit is brought on three several promissory notes, executed by Milton Goodenow to Rice, Reed & Co. and endorsed by Rice, as agent of and partner in the company, to Rice & Reed. No question is made but what the notes were given for good and valuable considerations, and remain unpaid ; nor is it suggested, but that the transfer of these notes to Rice & Reed was fair and bona fide : objections are made to a recovery in this suit, not because a recovery would be unjust and inequitable, but because as it is said certain necessary forms have not been adhered to in such transfer, and are not observed in the declaration ; and if these objections are supported by the principles of law or the rules of pleading the defendant is entitled to the benefit of them.

The first objection is made to the declaration ; that it does not set forth the names of the persons composing the firm of Rice, Reed & Co. The reason why it is necessary to set forth the names of all the parties to a suit, does not apply to those who are not parties. A mercantile company may sign or endorse notes or bills, by one of the partners, or by an agent of the firm ; and, in either case, the name of the firm is all that is necessary to complete the signature or endorsement. Such endorsement conveys a property in the note to the endorsee, and he brings a suit on it ; the acceptor of the bill or the maker of the note, objects to a recovery, because the *names* of the endorsees are not fully set forth, and why set them forth ? That he may know who are liable to him for costs in any event of the suit ? Not at all. The plaintiffs are liable for the costs, not the persons who have assigned to them. I can see no reason whatever, for requiring this formality, and no case has been found where it has been adjudged necessary. In the case of Kane vs. Scofield, 2d Caines 368, the declaration stated the endorsement of a promissory note for a firm whose surnames only had been used in the following manner, " to certain persons using the name, style and firm of Willoughby & Weston," and it afterwards stated their endorsement to the plaintiff thus : " and the said persons so using the names, style and firm of Willoughby & Weston, endorsed the said note, the proper hand writing of one of them, in their said co-partnership name, style and firm, being to such endorsement subscribed," which was held good on general demurrer.

The second objection to the plaintiff's recovery is, that the evidence of the notes being endorsed by Rice for himself and as agent for the company, does not support the averments in the first and second counts, that Rice, Reed & Co. " endorsed the said note, their own proper hand being to such endorsement subscribed," nor that in the third count which states the endorsement " in his own proper hand." The *his,* in the third count, appears to be a mere

clerical error, which might be amended at any time, as such I shall consider it in examining the force of this objection.

The case of Levy vs. Wilson. 5th Esp. Rep. 180, is cited as an authority directly in point. It was assumpsit by the plaintiff, as endorsee of a promissory note drawn by the defendant, payable to Michael Jendwin's heir, or order, and by one Sazonoff, by procuration from Michael Jendwin's heir, endorsed to Jacob Samuel, and by Jacob Samuel to the plaintiff. The declaration stated that the defendant drew the note payable to Michael Jendwin's heir, or order, and that he endorsed it, *his own proper handwriting being thereunto subscribed*. When the note was produced, it appeared to be endorsed *by Sazonoff, by procuration from Michael Jendwin's heir*. The plaintiff was nonsuited for the variance. If Sazonoff, the procurator in this case, had endorsed the name of Michael Jendwin's heir upon the note, then the case would have been similar to the case under consideration, and such endorsement would have been good, and would have supported the averment in the declaration.——In this case Rice, one of the partners, endorses the notes in the name of the firm; and the question is, whether such endorsements may be declared on as the endorsements of the company. In 1st Caines, 192, it is decided that " an endorsement in the name of a firm, by a partner, is good, and may be declared on as the endorsement of the firm. In 2d Camp. Rep., 450, action by the endorsee against the acceptor of a bill of exchange, lord Ellenborough said he thought it would be too narrow a construction of the words *own hand*, to require that the name should be written by the party himself; and he was inclined to think it would be enough to show the name written by an authorised agent; and in the same book, page 604, it is ruled that, if the defendants accepted the bill by an agent, in contemplation of law, they accepted it them-selves; and it is a general rule in pleading, that facts may be stated according to their legal effect—so that, whether Rice was a partner in, or agent of, the firm of Rice, Reed & Co., it seems that the endorsement was properly made, and is correctly described in the declaration. To these authorities may be added 2d Camp. Rep., 305, endorsees against drawers of a bill of exchange. The declaration stated that the defendants "made their certain bill of exchange in writing, their own proper hands being thereunto subscribed." In fact their firm of A. & Co. was subscribed to the bill—the court refused to non-suit for the alledged variance—and 1st Caines, 505, in which it was decided that " an endorsee of a firm of which he was a member, may, on an endorsement made by himself in the style of the partnership, maintain an

action against the maker of a promissory note." The case of Levy vs. Wilson, is good law; but it cannot be seen that it is at all inconsistent with the cases I have mentioned, or that indeed it has any bearing upon the case at bar.

The third and last objection to the plaintiff's recovery is, that the notes are endorsed with the name of a firm which was dissolved; and I am reminded by the defendant, that the note described in the second count, *bears date* after the dissolution of the partnership. The evidence of the time when the partnership of Rice, Reed & Co. was dissolved, and that these notes were endorsed by Rice after such dissolution, is contained in the deposition of Frederick W. Rice; he states that the partnership was dissolved on the 6th day of March, 1811; and in answer to the question put by the defendant's attorney—When were the notes negociated? he says, " I only know what Mr. Rice told me—he said he had a power of attorney to settle the concerns of the house, and endorsed these notes for that purpose after the dissolution of the firm, by authority specially given to him, with power to sign the partnership name for said concern."

Two questions arise in this part of the case, requiring separate consideration: 1st. Can the drawer of a note, or the acceptor of a bill to A. B. & Co. be permitted to avoid payment of such note or bill, by proving that no such company in fact existed? 2d. Is the endorsement of a note, or the acceptance of a bill in a partnership name, by one of the partners, under a special authority from the others so to endorse or accept, after the partnership is dissolved, a good endorsement or acceptance?

As to the first—there may have been a partnership as to the particular transaction or contract out of which the note of January 6th, 1812, arose; and the defendant, by drawing a note payable to Rice, Reed & Co. or order, acknowledged the existence of a co-partnership to which he was indebted, and which might, as to him, use the name or description he had given them. 5th Com. Dig., 52, 76, 82. In the case of Carvick vs. Vickery, Doug. 653, n. a bill of exchange was in the following form:

" Mr. Abraham Vickery, two months after date please pay to us, or our order, the sum of, &c.

"JOHN MAYDWELL.
" JOHN MAYDWELL."

It was endorsed thus:

"JN. MAYDWELL.
"HOLLOWAY."

the court were unanimously of opinion that the Maydwells, by making the bill payable *to " our order,"* had made themselves

partners as to this transaction; and although the jury found a verdict contrary to such opinion, it was a verdict expressly founded on the practice of the London merchants, and does not impeach the evidence of what the law is generally, to be found in the unanimous opinion of the court.

In 1st Camp. Rep. 82, it was ruled, that in an action against the drawers of a bill of exchange, drawn by a firm upon one partner, if it be proved that the bill was accepted by the drawee, this was sufficient evidence of its having been regularly drawn. And in the case of Jones and another, vs. Radford, 1 Camp. Rep. 83, action by the endorsee against the acceptor of a bill of exchange payable to two persons of the name of Hopkins & M'Mitchel, the bill had been endorsed by Hopkins, in the name of himself and M'Mitchel, and defendant had accepted it with this endorsement upon it. The defence was, that the payees were not partners, and that the bill ought, therefore, to have been endorsed by both: but lord Ellenborough held, that the defendant, having accepted the bill endorsed by one for himself and the other, could not now dispute the regularity of this endorsement. The case of Gibson and Johnson vs. Minet and Fector, 1st Hen. Black. 569, is a strong case to shew that the drawer of a note, or the acceptor of a bill, shall not be permitted to avoid payment of it on such ground as is here attempted. And it may be observed in this case, as it was in that, "bargains shall be enforced, undertakings shall be executed, and promises to pay shall be performed. The rule of law, that a man's own acts shall be taken most strongly against himself, obtains not only in grants, but extends in principle to all other engagements and undertakings." I conceive, therefore, that *the drawer of these notes* shall not be heard to say in a court of justice, that as he never *intended* to pay them, so because he has inserted *Rice, Reed & Company* in them, he never shall be *compelled* to pay them. The acceptor of a bill, and the drawer of a note, incur a similar liability; if either undertake to pay to certain persons as a company, it is clearly competent to the payees to sue or endorse the obligation as a co-partnership.

The next and last point for consideration, is the endorsement of these notes by Rice. It is said that the name of each partner should be endorsed, and not the name of the firm after it is dissolved. I can find no authority to support this position. The case of Abel and another, vs. Sutton, 3d Esp. Rep. 108, is cited as decisive of this point; but in that case the endorsement had been made of the partnership name after the partnership had been dissolved, by one of the partners

*without authority from the other*—and what lord Kenyon says, " if a fair bill existed at the time of the partnership, but is not put in circulation until after the dissolution, all the partners must join in making it negociable," is undoubted law—but how join ? All the partners in the firm of Rice, Reed & Co. did join in endorsing these notes for *quod facit per alium facit per se.* It is no where said that the agent making an endorsement with full power, shall write the name of each partner at length. In Osborne and Amphlett vs. Harper, 5th East 225, one partner drew a bill in the partnership firm, in favor of one D. after the dissolution of the partnership—D. recovered, *because he did not know of the disso-lution.* This could not be, if such use of the name of a former firm was void in law. The case of Lansing vs. Gaine & Ten Eyck, 2d Johns. Rep. 307, shews that after the dissolution of a partnership, a special authority to negociate notes in the name of the firm, is all that is necessary to render such endorsements as these valid ; and the case of Sanford vs. Mickles & Forman, 4th Johns. 224, is to the same point. Both these are cases where, after the dissolution of the partnership, one of the partners used the name of the firm *without authority from the other*, and on that ground only it was holden that the partner whose name was thus used without his consent, was not bound. The case of Eaton vs. Taylor, 10th Mass. Rep. 54, is a direct authority to shew that the name of a firm may be used by virtue of a special authority, after such firm is dissolved.

When a note has been given to a company, by their co-partnership name, the most convenient and the usual manner of endorsing it, is with the name of the firm ; while the partnership exists, this may be done by any one of the partners, and his act binds the rest, and where-fore, but because the law presumes that he has authority ? After the part-nership ceases as to every other matter, it may continue as to a prop-erty in the notes and bills given or endorsed to the company ; and surely a special authority by the whole concern, to one of the partners, or to a stranger, to endorse the name of the firm on such notes or bills, may be executed, without contravening any principle of the law.

On the whole, therefore, it appears, that these objections to the plaintiff's recovery, cannot be sustained on any just or legal principle ; they must, therefore, have judgment on the verdict.